IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUMLINSON GROUP, INC.,

    Plaintiff,

  v.

SCOTT D. JOHANNESSEN, et al.          Case No. 2:09-cv-1089 JFM

    Defendants.
_____/

SCOTT JOHANNESSEN, et al.,

    Counterclaimants,

  v.

TUMLINSON GROUP, INC., et al.,

    Counterdefendants.
_____/        ORDER

        A hearing was held in this matter on October 20, 2010. Douglas MacDonald appeared by telephone for plaintiff Tumlinson Group, Inc., and counter-defendant Kenneth Tumlinson. Defendant Scott Johannessen appeared by telephone by telephone for himself in propria persona and as counsel for Lorrie Johannessen. The parties agreed to submit on the papers the matter concerning the service of defendants' requests for admission.

        Accordingly, upon consideration of the briefs filed, THE COURT FINDS AS FOLLOWS:

BACKGROUND

Defendants claim that they sent requests for admission to counsel for plaintiff and counter-defendant. In support, defendants submit a certificate of service attached to their requests. The certificate of service is undated, although it appears that the certificate of service incorporates, from the previous page the date of the requests for admission which are dated September 21, 2009. Defendants assert that because they did not receive responses to their requests for admission, they are entitled to summary judgment in their favor.

Plaintiff and counter-defendant argue that they did not receive the request for admissions. In support, they submit the declarations of counsel, Douglas MacDonald, as well as Mr. MacDonald's legal secretary, Judy Sadek, both of whom declare that they did not receive the requests for admission by mail or by any other method.

ANALYSIS

A party may serve upon any other party a written request for the admission, for purposes of the pending action. Fed. R. Civ. P. 36(a). The matter is deemed admitted unless the party answers or objects within 30 days after service of the request, or within such shorter or longer time as the Court may allow. Id. Any matter admitted under this rule is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b).

When such requests are mailed, the common law "mailbox rule" raises a presumption of mail receipt unless the intended recipient can rebut the presumption by producing credible, probative evidence of non-receipt. See Schikore v. BankAmerica Supplemental Retirement Plan, 269 F.3d 956, 961 (9th Cir. 2001). This presumption is weaker when delivery is made by regular mail as opposed to certified mail. See, e.g., Salta v. I.N.S., 314 F.3d 1076, 1079 (9th Cir. 2002).; Hefner v. Chao, 2009 WL 1010517, *2 (S.D. Cal. 2009); Gomez v. Board of Prison Terms, 2008 WL 3833462, *3 (E.D. Cal. 2008).

/////

1         The certificate of service submitted by defendants raises the presumption of mail
2 receipt per <u>Schikore</u>.  This presumption, however, is weaker because the service was completed
3 by regular mail.  <u>See</u> Doc. No. 29, Ex. 16-1 at 13; <u>Salta</u>, 314 F.3d at 1079.   Resolution of this
4 issue requires this court to make a factual determination from all the evidence, direct and
5 circumstantial, of whether or not the requests were received.  Having considered all the
6 evidence, the undersigned concludes that although the requests for admission were mailed by
7 defendants, counsel for plaintiff and counter-defendant has effectively rebutted the presumption
8 of receipt through the submission of his declaration and the declaration of Mrs. Sadek.
9         Based thereon, IT IS HEREBY ORDERED that the defendants' request that
10 judgment be entered in their favor on this ground is denied.
11 DATED: October 26, 2010.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

/014;tuml1089.disc2

3