IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUMLINSON GROUP, INC.,

    Plaintiff,

    v.

SCOTT D. JOHANNESSEN, et al.    Case No. 2:09-cv-1089 JFM

    Defendants.
_____/

SCOTT JOHANNESSEN, et al.,

    Counter-claimants,

    v.

TUMLINSON GROUP, INC., et al.,

    Counter-defendants.
_____/    <u>ORDER</u>

    A hearing was held in this matter on October 7, 2010. Douglas MacDonald appeared for plaintiff Tumlinson Group, Inc., and counter-defendant Kenneth Tumlinson. Defendant Scott Johannessen appeared in propria persona and as counsel for Lorrie Johannessen. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

1

FACTUAL BACKGROUND

Plaintiff and counter-defendant Tumlinson Group, Inc., ("TGI") is a general contractor and builder doing business in and around Sacramento County. TGI is owned by plaintiff and counter-defendant Kenneth Tumlinson[1] ("Tumlinson"). Defendants Scott and Lorrie Johannessen are husband and wife currently residing in Tennessee.

On May 15, 2005, the parties entered into a contract for landscaping work on the defendants' backyard ("the landscaping contract"). The estimate on this contract was $40,000.00. On August 29, 2005, the parties entered into a second contract for home improvement ("the home improvement contract") at the defendants' home. The contract price for this was $812,504.99.

During the course of both of these contracts, there were multiple "change orders" (a.k.a. "Additional Work Order Authorizations"). Plaintiff asserts that there were forty-two change orders. Of these change orders, plaintiff claims (a) some were a full and complete writing, (b) some were a partial writing and oral instructions with approval, and (c) some were made and approved orally. The total cost for the changes made pursuant to the change orders was $531,188.23. Plaintiff claims defendant paid $196,944.16 of that amount, leaving a remaining balance of $334,315.32. Plaintiff also claims that the balance due on the home improvement contract is $25,704.57. Plaintiff seeks a total recovery of $360,019.89, plus interest and attorneys' fees.

Defendants assert that there were forty-four change orders, forty of which were not in writing, were not signed by either of the defendants, and were not submitted to defendants for approval before commencement of work. Defendants seek reimbursement of the amount they claim they paid beyond the contract prices.

---

[1] On January 13, 2010, notice was filed of Kenneth Tumlinson's death. His son, Nathan Tumlinson, the current principal of TGI, proceeds with this matter. All references to "Tumlinson," however, are to Kenneth Tumlinson.

## PROCEDURAL BACKGROUND

On May 16, 2008, defendants filed a complaint with the California Contractors State License Board ("the CSLB") against TGI and Tumlinson for alleged violations of Cal. Bus. & Prof. Code § 7159. Section 7159 requires that all home improvement contracts and all change orders be in writing and signed by the parties prior to the commencement of any work. On July 28, 2008, the CSLB issued a violation letter to TGI for the failure to comply with the written requirements of section 7159 ("the CSLB citation"). On August 28, 2008, defendants filed a second complaint with CSLB again alleging violations of section 7159. On June 5, 2009, the CSLB issued a citation and assessed a $250.00 civil penalty against TGI.

On July 29, 2008, TGI filed a state court action in the Sacramento County Superior Court. On April 20, 2009, the matter was removed to this court. Plaintiff sues defendants for breach of contract, quantum meruit, an open book account, and an account stated for sums due on the home improvement contract.

On May 11, 2009, defendants filed an answer and counter claims. Defendants assert that TGI and Tumlinson violated section 7159 and that defendants overpaid on the home improvement contract. They present the following claims: unlawful business practices, violation of statute, breach of contract, accounting, restitution, and declaratory relief.

On October 9, 2009, this matter was reassigned based on the consent of the parties. The case is scheduled to go to trial on December 14, 2010. This will be a bench trial.

## STANDARD

"After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion may ask for judgment on the basis of plaintiff's "[f]ailure to state a claim upon which relief can be granted." Id. 12(h)(2)(B). Such a motion is essentially equivalent to a Rule 12(b)(6) motion to dismiss, so a district court may "dispos[e] of the motion by dismissal rather than judgment." Sprint Telephony PCS, L.P. v. County of San Diego, 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2004).

Under Federal Rule of Civil Procedure (8)(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Supreme Court has explained that the pleading standard rests on two principles.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.  While showing an entitlement to relief "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  If the pleadings "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " Id. (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

1. <u>Converting Defendants' Motion for Judgment on the Pleadings</u>

As an initial matter, TGI and Tumlinson argue that because defendants seek judicial notice of numerous exhibits, the motion for judgment on the pleadings should be converted into a motion for summary judgment or, alternatively, summary adjudication.

When matters outside the pleadings are presented on a Rule 12(c) motion and not excluded by the court, the court must convert the Rule 12(c) motion to a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d); see Sira v. Morton, 380 F.3d 57, 67-68 (2d Cir. 2004) (holding district court's conversion of Rule 12(c) motion to Rule 56 summary judgment motion to be proper where extrinsic evidence was not excluded and the parties were not prejudiced by lack of notice of the court's intent to convert the motion because the parties could file another

/////

summary judgment motion later in the proceedings); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

The court may, however, consider certain materials without converting the motion for judgment on the pleadings into a motion for summary judgment. See Lloyd v. Powell, 2010 WL 2560652 (W.D. Wash. 2010); Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2000); Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994)). Such materials include documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Id.

Courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute, and is thus subject to judicial notice, only where the fact is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Id. The court can take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir.1988).

Here, defendants move for judgment on the pleadings arguing that plaintiffs are not entitled to relief in light of the CSLB citation. In support of their 12(c) motion, defendants seek judicial notice of numerous exhibits, including a computer printout of TGI's license and bonding status, the CSLB citations against TGI, various legislative documents related to section 7159, various documents (including emails) associated with the CSLB violation, and requests for admission sent by defendants. All of these matters are extrinsic evidence outside the pleadings. In addition, none of these documents are referenced in the pleadings. Defendants' request that the court take judicial notice of the exhibits does not somehow incorporate them into the pleadings to avoid Rule 12(d)'s requirement that the court convert a Rule 12(c) motion to a Rule 56 motion for summary judgment when "matters outside the pleadings are presented to and not

/////

excluded by the court." The court may not, for example, take judicial notice of emails sent by Scott Johannessen to a CSLB employee or the discovery requests sent by Mr. Johannessen.

Nonetheless, the court will consider only those matters of which it may take judicial notice and which are necessary for a determination on defendant's motion for judgment on the pleadings. Accordingly, TGI's request to convert the motion is denied.

2.      <u>Whether Plaintiffs May Recover for Work Performed Despite the CSLB Citation</u>

Essentially, defendants argue that because TGI did not put into writing the change orders and because the CSLB cited TGI for violating section 7159, TGI is barred by collateral estoppel and res judicata from recovering any money due on the change orders.

TGI does not dispute that it violated section 7159 by failing to get some of the the change orders in writing, or that it was disciplined for the violation in the amount of $250.00 and a citation. TGI correctly argues that defendants have presented no authority for the proposition that a CSLB citation prohibits a party from seeking damages in a civil suit.

Section 7159 applies to "'home improvement contracts' between a contractor and an 'owner or tenant' for 'work upon a building or structure for proposed repairing [or] remodeling' where the aggregate contract price exceeds $500." <u>Asdourian v. Araj</u>, 38 Cal.3d 276, 289 (Cal. 1985). The definition of "'home improvement contract[ ]'" includes an agreement between a contractor and an owner for the performance of a home improvement. Cal. Bus. & Prof. Code § 7159(b). The statute, part of a larger consumer protection statutory scheme, has been revised and reorganized repeatedly since first enacted in 1969. <u>See</u> <u>Asdourian</u>, 38 Cal.3d at p. 292; Historical and Statutory Notes, 3D West's Ann. Bus. & Prof. Code (2010 ed.) foll. § 7159, pp. 162-66. The requirement that such contracts be in writing has been a part of the law for decades. In <u>Calwood Structures, Inc. v. Herskovic</u> 105 Cal.App.3d 519, 522 (Cal. Ct. App. 1980), disapproved in part on other grounds in <u>Asdourian</u>, 38 Cal.3d at 293, n.11, the court identified the primary purpose of section 7159 to be "a protection for consumers in an economic area which otherwise might well provide opportunity for abuse by contractors."

6

The issue here is whether an oral change order, in violation of section 7159, is void or merely voidable. The general rule is that "a contract made in violation of a regulatory statute is void." Hinerfeld-Ward, Inc. v. Lipian, 188 Cal. App. 4th 86 (Cal. Ct. App. 2010). Normally, courts will not ' "lend their aid to the enforcement of an illegal agreement or one against public policy...." ' Asdourian, 38 Cal.3d at 291. But as the California Supreme Court recognized in Asdourian, "'the rule is not an inflexible one to be applied in its fullest rigor under any and all circumstances. A wide range of exceptions has been recognized.' [Citation.]" Id.

Asdourian involved oral contracts for home improvements between homeowners and their contractor. The court found "[n]othing in the statute [which] declares that an oral contract entered into in contravention of section 7159 shall be void." 38 Cal.3d at 291. While the court concluded that the Legislature did not intend the express penalty provisions of section 7159 to be exclusive, it found "no indication that the Legislature intended that all contracts made in violation of section 7159 are void." Id. Absent an express legislative prohibition, the Asdourian court concluded it could apply exceptions to the general rule that illegal contracts are unenforceable. Id.

The contracts in Asdourian were held enforceable because as real estate investors, the homeowners were not within the class of unsophisticated consumers the statute was designed to protect. The California Supreme Court concluded that in this context, the misdemeanor penalties provided in section 7159 were sufficient and that the policy underlying the statute would not be defeated if the contractor was allowed to recover for work performed. 38 Cal.3d at 292. The court also concluded that a contract in violation of section 7159 does not present the type of illegality that automatically renders a contract void. Instead, the contracts were found merely "voidable depending on the factual context and the public policies involved." Id. at 293. Citing Calwood, supra, 105 Cal. App. 3d at 522, the Asdourian court reasoned that the failure to observe strict statutory formalities was understandable because the contractor and owners were friends and had prior business dealings. In addition, it was significant that the contractor fully

7

performed according to the oral agreements and the owners accepted the benefits of those agreements. "If [the owners] are allowed to retain the value of the benefits bestowed by [the contractor] without compensating him, they will be unjustly enriched." Asdourian, 38 Cal.3d at 293; see also Davenport & Co. v. Spieker, 197 Cal. App. 3d 566 (Cal. Ct. App. 1988) (contractor's noncompliance with section 7159 did not preclude recovery from owners, one of whom was experienced in real estate investment and development, where many informal changes and additions were made to contract).

In Hinerfeld-Ward, 188 Cal. App. 4th 86 (Cal. Ct. App. 2010), the California appellate court found that a contractor can recover on an oral home improvement contract despite non-compliance with section 7159. There, the defendants, who were both highly educated, hired plaintiff for a "complex, high-end" home remodel project. Although a contract was never reduced to writing, the parties worked with each other for multiple years before plaintiffs were fired without full payment on the work performed. The Hinerfeld-Ward court concluded that the violation of section 7159 did not preclude recovery by the contractors because the homeowners were not the type of homeowners who come within section 7159's protection, the homeowners had a knowledgeable person working on their behalf, and the homeowners would be unjustly enriched if the contractors were not allowed to recover.

Defendants argue that these cases are inapposite because none of them involved a CSLB citation and all of those cases consisted of an oral home improvement contract, whereas here there is a CSLB citation and a valid written home improvement contract. Defendants make much ado of these facts. In Davenport & Co., Inc. v. Spieker, et al., 197 Cal. App. 3d 566 (Cal. Ct. App. 1988), however, a general contractor brought an action against homeowners to recover amounts due under a construction contract. There, the parties entered into a written contract for home improvement whereby extra changes were made orally. The court found that the general contractor's noncompliance with Section 7159 as to the change orders did not preclude recovery
/////

for work performed. The court relied on <u>Asdourian</u> to find that an oral contract in violation of Section 7159 is merely voidable and not void.

Thus, the undersigned finds that, as a matter of law, TGI is not precluded from recovering on the oral change orders despite noncompliance with Section 7159. Whether or not TGI may actually recover depends on facts not presently before the court, including, inter alia, the defendants' sophistication concerning real estate matters, the relationship between the parties during the remodeling, the performance under the agreement, and unjust enrichment. Based thereon, defendants' motion for judgment on the pleadings will be denied.

3.   <u>Plaintiff and Counter-Defendant's Motion for Sanctions</u>

Attached to their opposition, TGI and Tumlinson filed a motion for sanctions pursuant to Fed. R. Civ. P. 11 based on alleged misrepresentations made by defendants in their motion for judgment on the pleadings. Upon review, the court does not find sanctions to be warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for judgment on the pleadings is denied;

2. Plaintiff and counter-defendant's motion for sanctions is denied.

DATED: October 26, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;tuml1089.mjop