IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUMLINSON GROUP, INC.,

    Plaintiff,

  v.

SCOTT D. JOHANNESSEN, et al.      Case No. 2:09-cv-1089 JFM

    Defendants.

_____/

SCOTT JOHANNESSEN, et al.,

    Counterclaimant,

  v.

TUMLINSON GROUP, INC., et al.,

    Counterdefendants.

_____/    <u>ORDER</u>

        A hearing was held in this matter on December 7, 2010 at 11:00 a.m. Douglas MacDonald appeared for plaintiff and counter-defendants. Defendant Scott Johannessen appeared in propria persona and as counsel for Lorrie Johannessen. Upon consideration of defendants' motion for disqualification, THE COURT ORDERS AS FOLLOWS:

/////

1

1    Defendants bring a motion for disqualification pursuant to 28 U.S.C. § 144 and 28
2 U.S.C. § 455(b)(1).

3    Section 144 provides:

4    Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

   The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

   Section 455 provides in relevant part:

   (a) Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

   (b) He shall also disqualify himself in the following circumstances:

       (1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455(a), (b)(1).

   The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1).  <u>United States v. Olander</u>, 584 F.2d 876, 882 (9th Cir. 1978); <u>see</u> <u>United States v. Carignan</u>, 600 F.2d 762, 764 (9th Cir. 1979).  Consequently, a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144.

   The standard for recusal under 28 U.S.C. §§ 144, 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Mayes v. Leipziger</u>, 729 F.2d 605, 607 (9th Cir. 1984) (quoting <u>United States v. Nelson</u>, 718 F.2d 315, 321 (9th Cir. 1983) ); <u>Ronwin v. State Bar of Arizona</u>,

686 F.2d 692, 700-01 (9th Cir. 1981), rev'd on other grounds sub nom. Hoover v. Ronwin, 466 U.S. 558 (1984). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. Mayes, 729 F.2d at 607.

Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements of the two sections are different. U.S. v. Sibla, 624 F.2d 864 (9th Cir. 1980). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. See Blum v. Gulf Oil Corp., 597 F.2d 936, 938 (5th Cir. 1979); United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied, 440 U.S. 907 (1979); United States v. Bennett, 539 F.2d 45, 51 (10th Cir.), cert. denied, 429 U.S. 925 (1976). If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits. Azhocar, 581 F.2d at 738.

Section 455, on the other hand, sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge. Davis v. Board of School Commissioners, 517 F.2d 1044, 1051 (5th Cir. 1975), cert. denied, 425 U.S. 944 (1976). Moreover, section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself. See, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979). Recusal under section 455 is required "only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988).

In light of the difference in procedures for sections 144 and 455, it is apparent that the two sections are not redundant but are complementary, even when the only ground for recusal alleged is bias or prejudice. A party desiring referral to a second judge upon a

determination of legal sufficiency may invoke the provisions of section 144 by filing a motion under that section accompanied by a timely and sufficient affidavit.  Such a motion should also prompt the judge to whom the motion is directed to determine independently whether all the circumstances call for recusal under the self-enforcing provisions of section 455(a) & (b)(1), a matter which rests within the sound discretion of the judge,  United States v. Schreiber, 599 F.2d 534, 536 (3d Cir.), cert. denied, 444 U.S. 843 (1979).  Thus, section 455 modifies section 144 in requiring the judge to go beyond the section 144 affidavit and consider the merits of the motion pursuant to section 455(a) & (b)(1).

Examination of the motion to disqualify demonstrates that the defendants' allegations arise solely from the rulings of the court made in this litigation.  Accordingly, they cannot be the basis for recusal under 28 U.S.C. § 455.  See Mayes, 729 F.2d at 607; Toth, 862 F.2d at 1388.  Therefore, defendants' motion for disqualification under this section will be denied.  The court now turns to the legal sufficiency of any affidavits filed pursuant to section 144.  If that affidavit is sufficient on its face, the motion must be referred to another judge for a determination of its merits under section 144.

The judge against whom such an affidavit is filed cannot pass on the truth or falsity of the facts as stated in the affidavit. Berger v. United States, 255 U.S. 22 (1921). However, he or she is entitled to pass upon the legal sufficiency of the affidavit.  For the purpose of determining the legal sufficiency of the affidavits supporting a motion to disqualify, the factual allegations in the affidavit must be accepted as true. Berger, 255 U.S. 22 (1921); Pfizer v. Lord, 8 Cir., 456 F.2d 532 (1972), cert. den. 406 U.S. 976; Davis v. Board of School Comrs. of Mobile County, 5 Cir., 517 F.2d 1044 (1975).  The rule applies even though the judge passing on the legal sufficiency of the affidavit knows the allegations thereof are false.  Hodgson v. Liquor Salesmen's Local No. 2, 2 Cir., 444 F.2d 1344 (1971).

A long line of cases has held that affidavits of prejudice are inappropriate to challenge adverse rulings of a judge during the course of a trial.  Ex parte American Steel Barrel

, 230 U.S. 35 (1913); Re Equitable Trust Co., 232 F. 836 (9th Cir. 1916); Chessman v. Teets, 239 F.2d 205 (9th Cir. 1956), vacated on other grounds, 354 U.S. 156.  Generally, errors of law created during the course of a trial can always be corrected upon appeal and that has been deemed a much better way to deal with incorrect rulings than challenges to the judge's fairness. Tenants and Owners in Opp'n to Redevelopment v. U.S. Dept. of Housing, 338 F. Supp. 29, 32-33 (D.C. Cal. 1972).

   The court begins its analysis by noting that defendants failed to comply with the basic requirements of section 144.  Procedural requirements under section 144 are strictly construed.  United States v. Bell, 79 F. Supp. 2d 1169, 1172 (9th Cir. 1999).  Section 144 requires a moving party to file an affidavit and an accompanying certificate of counsel of record stating that it is made in good faith.  See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980) ("A party desiring referral to a second judge upon a determination of legal sufficiency may invoke the provisions of section 144 by filing a motion under that section accompanied by a timely and sufficient affidavit").  Defendants filed a motion for disqualification on November 30, 2010.  Defendants did not submit an affidavit with their motion and have not filed one to date.  Mr. Johannessen's signature on the motion does not convert the motion into an affidavit.  An affidavit must be signed under penalty of perjury.  See 28 U.S.C. § 1746; Local Rule 142(a).  Lastly, a certificate of good faith was not filed until December 6, 2010.  Defendants do not explain either the absence of an affidavit or the delay in filing a certificate of good faith.  These failures to follow procedural requirements are sufficient to constitute a waiver.  See United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (citing United States v. Anderson, 561 F.2d 1301, 1302-03 (9th Cir. 1977)); Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322, 1329 n.4 (8th Cir. 1985) ("Failure to file such an affidavit constitutes a waiver").

   Even assuming the defendants' motion for disqualification met the procedural requirements of section 144, it would still fail as it is based solely on the court's rulings in this

5

case. To the extent the defendants' motion for disqualification is also a motion to amend the pretrial order, the court may consider a motion to amend the pretrial order at this relatively late date, and even during the trial in appropriate circumstances. (During the most recent hearing in this case, defendants' counsel was informed that a further motion to amend the pretrial order would be required if he believed that the present pretrial order was too narrow.)

In sum, defendants have not presented a basis for the court to conclude that it is required to recuse itself under § 144 or § 455 for either bias or the appearance that its impartiality might reasonably be questioned. In the process of resolving this motion this court has also considered, as is required, whether there is any basis for recusal independent of this motion. There is no such basis of which this court is aware. Accordingly, defendants' motion for disqualification is denied.

DATED: December 16, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/014;tuml1089.disq